UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES WATSON,

     Plaintiff,

v.

NSHP, LLC
d/b/a Hyde Park Prime Steakhouse
and HYDE PARK RESTAURANT SYSTEMS, INC

     Defendants.

_____/

## **COMPLAINT**

Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant NSHP, LLC[1] doing business as Hyde Park Prime Steakhouse and Defendant Hyde Park Restaurant Systems, LLC doing business as https://www.hydeparkrestaurants.com, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

---

[1] NSHP, LLC is not the listed operator per the Florida Department of Business and Professional Regulation however NSHP, LLC is the entity authorized to transact business in Florida (per Sunbiz). The operator per Florida Department of Business and Professional Regulation (NSHP Restaurant Systems LLC) is not authorized in Florida per Sunbiz. On information and belief, the proper legally recognized entity/operator of the subject restaurant is NSHP, LLC

1.      Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. and 28 U.S.C. § 2201, § 2202.

3.      Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendants for offering and maintaining a mobile website

(software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendants' place of public accommodation despite using the available software for that purpose.

5.     Plaintiff is also a "tester" for the purpose of asserting his civil rights. She monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.     Defendant NSHP, LLC (also referenced as "Defendant Restaurant" or collectively with Defendant Hyde Park Restaurant Systems, LLC as "Defendants") is an Ohio limited liability company  which is authorized to transact business in Florida. On information and belief, Defendant Restaurant is the owner/operator of the Hyde Park Prime Steakhouse restaurant which is located in Sarasota and is open to the public. Because the Hyde Park Prime Steakhouse restaurant is open to the public, it is considered a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant Restaurant's Hyde Park Prime Steakhouse restaurant is referenced herein as "place of public accommodation," "Hyde Park Sarasota (restaurant)" or "restaurant."

7.     Defendant Restaurant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and/or operates "[A]

restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

8.      Defendant Hyde Park Restaurant Systems, LLC is an Ohio limited liability company which is registered with the State of Florida Division of Corporations. Defendant Hyde Park Restaurant Systems, LLC is also referenced as "Defendant Systems" or collectively with Defendant Restaurant as "Defendants." On information and belief, Defendant Systems is the owner (directly or through related corporations) of the Hyde Park Prime Steakhouse restaurant chain. There are eleven Hyde Park Prime Steakhouse restaurant locations in Michigan, Ohio, Pennsylvania, Indiana, and Florida. All Hyde Park Prime Steakhouse restaurants are open to the public; therefore, they are all Places of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). The Hyde Park Prime Steakhouse restaurants are also referenced herein as "place(s) of public accommodation," "Hyde Park Steakhouse restaurant(s)," or "restaurant(s)."

9.      There are two Hyde Park Prime Steakhouse restaurants operating within this district[2] as follows:

•      "Hyde Park Prime Steakhouse Hilton" located in Daytona Beach at 100 North Atlantic Avenue, Daytona Beach, Florida 32118 which is owned

---

[2] Orlando division and Tampa division

by HPD Restaurant Systems, LLC and is not a party to this action ; and

- "Hyde Park Prime Steakhouse" located in Sarasota at 35 South Lemon Avenue, Sarasota, Florida 34236, which is owned by Defendant NSHP, LLC and is a party to this action.

10.     On information and belief, Defendant Systems is the owner/operator of the https://www.hydeparkrestaurants.com mobile website[3]. Subsequent to the effective date of the ADA, Defendant Systems constructed, or caused to be constructed, the https://www.hydeparkrestaurants.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to all Hyde Park Steakhouse restaurant locations including the Hyde Park Sarasota restaurant, which is the subject of this action. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each Hyde Park Steakhouse physical location, and specifically the Hyde Park Sarasota restaurant.

11.     The mobile website is offered by Defendants as a way for the public to become familiar with Hyde Park Steakhouse restaurant menu selections, hours of operation, restaurant locations (and specifically the Hyde Park Sarasota restaurant), provides a link to reserve a table for dining within Hyde Park Steakhouse restaurants

---

[3] See the privacy section of the mobile website

(specifically the Hyde Park Sarasota restaurant), permits the public to sign up for the "Hyde Park Prime Steakhouse Customer Club" (which is a customer rewards program) and provides other information Defendants seek to communicate to the public. The mobile website also enables the public/patrons to purchase Hyde Park Prime Steakhouse gift cards (electronic cards or traditional physical gift card) and offers the ability to check on the balance of purchased gift cards online. The mobile website also permits the public to order Hyde Park Steakhouse prepared food items online and have that food delivered or available for pick up at Hyde Park Steakhouse restaurant physical locations (specifically the Hyde Park Sarasota restaurant) and offers the public a link to inquire about private event/private dining at Hyde Park Steakhouse restaurant locations. By the provision of menu selection, reservation services, to-go and delivery order selection, and the ability to purchase gift cards online, the mobile website is an integral part of the goods and services offered by Defendants on behalf of each Hyde Park Steakhouse restaurant location, and specifically the Hyde Park Sarasota restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[4],

---

[4] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/.  The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that

42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12.    As the owner/operator of the https://www.hydeparkrestaurants.com mobile website (which is a Place of Public Accommodation), Defendant Systems is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

13.    The https://www.hydeparkrestaurants.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendants have subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell Hyde Park Steakhouse products and services from each of the Hyde Park Steakhouse restaurant locations and specifically from Defendant Restaurant's Hyde Park Sarasota restaurant location. As a result, the mobile website must interact with Hyde Park Steakhouse restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[5]

14.    The mobile website does not properly interact with the VoiceOver

_____

website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[5] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means to accommodate Plaintiff.

15.    Like the seeing community, Plaintiff would like the opportunity to be able to use the mobile website to comprehend Hyde Park Steakhouse menu selections and to test for the ability to make reservations, order food online for delivery and/or pickup at the various restaurant locations, inquire about reserving space for private dining events, to sign up for the Hyde Park Steakhouse Customer Club, and to purchase Hyde Park Prime Steakhouse gift cards online. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

16.    Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

17.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendants' discriminatory practice.

18.    Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

19.    Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.    The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

21.    According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22.    28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In

order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

24. The https://www.hydeparkrestaurants.com mobile website has been designed to integrate with Hyde Park Steakhouse restaurants through the provision of a reservation service, the ability to inquire about private event/dining, the ability to order food online for pick up or delivery, and the ability to purchase Hyde Park Prime Steakhouse gift cards online; therefore, the mobile website is an extension of each Hyde Park Steakhouse restaurant (and specifically the Hyde Park Sarasota restaurant). By and through the mobile website, Defendants extend Hyde Park Steakhouse restaurants into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Hyde Park Steakhouse restaurants. As such, the mobile website is integrated with, and is a nexus to, each Hyde Park Steakhouse brick-and-mortar restaurant location, and specifically the Hyde Park Sarasota restaurant. Because the mobile website is integrated with, and is a nexus to, brick-

and-mortar Hyde Park Steakhouse restaurants, it is required by 28 C.F.R. Section

36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired

person.

25.     Plaintiff attempted to access and test the mobile website, but was unable

to do so because it contains barriers to effective communication for visually impaired

individuals such as himself. Plaintiff continues to be unable to effectively

communicate with Defendants through the mobile website and understand the

content therein because essential portions of the mobile website do not interface with

mobile VoiceOver screen reader software. Specifically, features of the mobile

website that are inaccessible to Plaintiff (a VoiceOver screen reader software user)

include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA

Guidelines):

i.     Guideline 1.1.1 Non-Text Content is violated. Text alternatives for non-text content must be provided, and this is not the case. For example, the *Perfect Gift* image includes text with content about gift cards, however the *Gift* image is announced as "index.html' and the content in the *Gift* image is not announced.

ii.     Guideline 1.3.1 Info and Relationships is violated. A checkbox is shown next to each of the locations on the *Join Our Customer Club* form. This is a required field, so a mobile VoiceOver screen reader software user cannot submit the form unless they check at least one location; however, all of the locations are announced as *text*, so mobile VoiceOver screen reader software users are not aware that these locations are interactive elements. As a result, mobile VoiceOver screen reader software users are not able to join the Customer Club.

iii.     Guideline 1.4.5 Images of Text is violated. The mobile website does not use

images of text, therefore  mobile VoiceOver screen reader software users are unable to comprehend. For example, the *Butcher's Reserve* menu is only available as an image and the content is not announced. The image is announced as "unlabeled graphic." As a result, mobile VoiceOver screen reader software users are not able to comprehend the *Butcher's Reserve* menu and therefore miss out on ordering anything from this menu selection.

iv.    Guideline 2.4.3 Focus Order is violated. The site is required to provide focus in a logical order, and this has been violated. For example, the *date* field is the first field of the *Reservations* form, but mobile VoiceOver screen reader software users are unable to select a date because, while the *date picker* can be opened, none of the dates are announced. Instead of focus moving to the dates, focus moves to the underlying page and unlabeled elements are announced.

v.    Guideline 2.4.4 Link purpose (in context) is violated. For example, the image titled *Hyde Park Butcher Grille Box* contains text that details the content of the *Hyde Park Butcher Grille Box*, but the image is not announced and the content within the image is not announced. The button in the image is announced, but it has the wrong label. The text label reads "Call Today to Order Yours" but it is announced as "Reservations Link."

vi.    Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Multiple unlabeled images are announced in the *reservations* widget which delays comprehension and navigation. For example, each of the arrows are announced as "m."

26.    As the owner, operator, and/or beneficiary of the mobile website which exclusively serves as a gateway to Hyde Park Steakhouse restaurants, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within Hyde Park Steakhouse restaurant locations (and

specifically the Hyde Park Sarasota restaurant), the ability to order food online for delivery or pickup, and the ability to purchase gift cards online.

27.    In this instant case, the mobile website reservation and food delivery accommodations are linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to the third party vendor's reservation platform does not absolve Defendants of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

28.    Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by Plaintiff (a visually

impaired individual) (reference violations delineated within paragraph 25) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in their denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

29.    Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

30.    As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendants have contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and have deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendants have deprived Plaintiff the equality of opportunity which they offer to the general public.

31.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' violations until Defendants are compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

32.     Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the website and test for the ability to make reservations, order food online for delivery and/or pickup at the various restaurant locations, inquire about reserving space for private dining events, to sign up for the Hyde Park Steakhouse Customer Club, and to purchase Hyde Park Prime Steakhouse gift cards online due to Defendants' non-compliance with the ADA with respect to the mobile website.

33.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

34.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants jointly and severally to alter the mobile website so that it is readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant NSHP, LLC and Defendant Hyde Park Restaurant Systems, LLC  and requests the following injunctive and declaratory relief:

a.   The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and  28 C.F.R. Section 36.303 *et seq*.;

b.   The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain a mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c.   The Court issue an Order directing Defendants to alter the mobile website to the full extent required by Title III of the ADA;

d.   The Court issue an Order directing that Defendants provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the mobile website https://www.hydeparkrestaurants.com in order to comprehend Hyde Park Steakhouse menu selections, ordering/paying for delivery and pick-up of Hyde Park Steakhouse menu items, ordering/paying for Hyde Park Prime Steakhouse gift cards, for making reservations to dine within Hyde Park Steakhouse restaurants (specifically the Hyde Park

Sarasota restaurant), and for signing up for the Hyde Park Prime Steakhouse Customer Club customer rewards program, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e.   The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures and undertake and complete corrective procedures;

f.   The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it is at all times fully accessible and usable pursuant to Title III of the ADA;

g.   The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.   The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September  13, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*